# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
RISCH, CAMPANELLA, and HERRING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class MICHAEL J. ROSADODEJESUS**
**United States Army, Appellant**

ARMY 20140087

Headquarters, 1st Cavalry Division
Patricia H. Lewis, Military Judge
Lieutenant Colonel R. Tideman Penland, Jr., Staff Judge Advocate (pretrial)
Lieutenant Colonel Alison C. Martin, Staff Judge Advocate (post-trial)

For Appellant: Captain Payum Doroodian, JA; Mr. William E. Cassara, Esquire (on brief); Captain Joshua B. Fix, JA; Mr. William E. Cassara, Esquire (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief).

27 January 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

CAMPANELLA, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of disobeying a superior commissioned officer, two specifications of rape, aggravated assault, two specifications of assault consummated by battery, and child endangerment in violation of Articles 90, 120, 128, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 890, 920, 928, 934 [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for twenty-five years, total forfeitures, and to be reduced to the grade of E-1. The convening authority approved only so much of the adjudged sentence as provided for a dishonorable discharge, confinement for twenty-five years, and reduction to E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises four issues, one of which merits brief discussion and relief. We have considered the matters personally submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); they lack merit.

Appellant complains he suffered an undue, post-trial delay because 489 days elapsed between his court-martial and the convening authority's action. While we find no due process violation under *Barker v. Wingo*, 407 U.S. 514 (1972), we also find no reasonable explanation for the delay and processing errors in this case and accordingly provide relief. *See United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). We will therefore provide relief in our decretal paragraph.

## CONCLUSION

The findings of guilty are AFFIRMED.

After considering the entire record and the post-trial delay, the court AFFIRMS only so much of the sentence as provides for a dishonorable discharge, confinement for twenty-four years and eleven months, and reduction to E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Chief Judge RISCH and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court